IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| DARRIUS BELL, #149 992 | * | |
| Plaintiff, | * | |
| v. | * | 2:11-CV-488-WHA |
| | | (WO) |
| DIRECTOR, UNITED STATES DEPT. OF JUSTICE, *et al.*, | * | |
| | * | |
| Defendants. | | |

_____

**O R D E R**

This 42 U.S.C. § 1983 action is before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). The complaint has not been submitted on a court-approved form and is presented in a rambling, dis-jointed, and narrative-style manner. Further, although Plaintiff names six defendants to this cause of action, the complaint merely contains general conclusions of constitutional violations, and fails to identify factual allegations material to specific counts lodged against each of the named defendants with respect to any violations of Plaintiff's constitutional rights.

"This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Accordingly, the court

deems it appropriate to require Plaintiff to amend his complaint to correct the deficiencies noted herein.

In light of the foregoing, it is

ORDERED that on or before **July 27, 2011**, Plaintiff shall file an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint.  *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms).  **Plaintiff's original complaint shall be superseded by the amended complaint**.  This means Plaintiff shall no longer rely on the original complaint.[1]

It is further ORDERED that Plaintiff's amended complaint shall:

1.   Specifically identify the individual(s) Plaintiff seeks to name as a defendant(s) and provide facts to show that particular individual's participation or involvement in his claim;

2.   Contain one claim and any claims that can be shown closely related to it, *i.e.*, arising out of the *same incident or facts*;

3.   Identify specific claims relative to **actions taken against him** by the named defendant(s) and list these claims in separate counts;

---

[1] That being said, the claims and defendants in the amended complaint should be less numerous than those contained in the original complaint due to the following pleading requirements.  It is necessary for Plaintiff to file a *separate complaint* for each claim unless the claims are related to the same incident or issue.  Thus, for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs.  Plaintiff must, therefore, decide on which claims he will proceed in this action as well as identify each individual that he seeks to name as a defendant.

  4. Describe with clarity those factual allegations that are material to each specific count against the named defendant(s);

  5. Describe how each named defendant violated ***Plaintiff's*** constitutional rights; and

  6. Comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead "'a *short and plain* statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (emphasis added) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

  Plaintiff is advised that his failure to file an amended complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order. Furthermore, the failure to plead a complaint that complies with F.R.Civ.P. 8(a), that is, a complaint that provides fair notice to the court and a defendant of the claim against the defendant, after being required to re-plead a complaint, will result in a Recommendation that the complaint be dismissed under F.R.Civ.P. 41(b) for failure to comply with the court's order. *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991).

  The Clerk is DIRECTED to send Plaintiff a form for use in filing a complaint under 42 U.S.C. § 1983 to assist him in complying with the directives contained herein.

Done, this 6th day of July 2011.

                                        /s/ Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE