IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARRIUS BELL, #149 992 | * | |
| Plaintiff, | * | |
| v. | * | 2:11-CV-488-WHA (WO) |
| DIRECTOR, UNITED STATES DEPT. OF JUSTICE, *et al.*, | * | |
| | * | |
| Defendants. | | |

**O R D E R**

Pursuant to the order of the court, Plaintiff has filed an amended complaint. (*Doc. No. 5.*) Upon consideration of the amended complaint, the court finds it necessary to direct Plaintiff to file a further amendment regarding his allegation that he is being denied constitutionally adequate mental health treatment. Accordingly, it is

ORDERED that on or before **August 16, 2011** Plaintiff shall file a second amended complaint which:

1. Specifically identifies the individual(s) **at the Bullock Correctional Facility** who has allegedly denied Plaintiff mental health treatment and/or access to mental health treatment and <u>provide facts to show that particular individual's **participation or involvement** in his claim</u>. *See Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution.");

2. Provides facts to support Plaintiff's allegation that the individual(s) identified in ¶1 has failed to provide constitutionally adequate and/or compliant mental health treatment for sex offenders at the Bullock Correctional Facility;

3. Describes the steps Plaintiff has undertaken with regard to seeking mental health treatment, via correctional, medical, and/or mental health personnel, for his sex offender status, *i.e.*, submission of inmate requests, grievances, *etc.*, and the results of those efforts;

4. Complies with F.R.Civ.P. 8(a) which requires that a plaintiff plead "'a *short and plain* statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (emphasis added) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

It is further

ORDERED that the amended complaint filed in compliance with this order be submitted on a § 1983 form.  Accordingly, the Clerk is DIRECTED to send Plaintiff a § 1983 form to assist him in complying with the directives contained herein.

Done, this 2nd day of August 2011.

                                       /s/ Terry F. Moorer
                                     TERRY F. MOORER
                                     UNITED STATES MAGISTRATE JUDGE