IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRIUS BELL, #149992, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:11cv488-WHA |
| | ) |
| ERIC HOLDER, JR., et al., | )            (WO) |
| | ) |
| Defendants. | ) |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #13) and the Plaintiff's Objections (Doc. #15).

Plaintiff objects to the Recommendation that his § 1983 complaint be dismissed under § 1915(e)(2)(B).  The primary claim presented by Plaintiff is that he is not being afforded adequate mental health treatment. As explained in the Recommendation, "[o]ther than asserting that his sex offender status is a recognized mental health issue, Plaintiff makes only conclusory allegations that the current conditions of his confinement are depriving him of basic mental health needs. Thus, while Plaintiff essentially couches his claim regarding a failure of the Bullock Correctional Facility to provide inmates convicted of sex offenses with a sex offender treatment program as a failure of the facility to provide mental health treatment, he does not allege specific facts of deliberate indifference to serious medical needs."   Further, while Plaintiff maintains that the ADOC cannot be relieved of its obligation to provide adequate mental health treatment to persons such as himself  who are placed in prison solely as the result of a civil statute, it is clear from the complaint and supporting documentation that Plaintiff was returned to

prison for violating the conditions of his parole (he received a separate charge for violating the terms of the Alabama Community Notification Act - ACNA). He is not incarcerated pursuant to any civil commitment.

Plaintiff also presented an equal protection claim based on the fact that he was issued a disciplinary for failing to obey a direct order. Because Plaintiff failed to allege that he was similarly situated with other prisoners who received more favorable treatment and that the discriminatory treatment was based on some constitutionally protected interest, the Magistrate Judge determined that Plaintiff's claim failed to state a viable equal protection claim. Plaintiff changes the focus of his equal protection claim in his objection by now claiming that he is being treated differently than juvenile sex offenders for whom sex offender treatment is mandated and drug offenders who receive drug treatment help while incarcerated. Inmates themselves, however, do not constitute a suspect or quasi-suspect class entitling such persons to strict scrutiny of disparate government treatment.  What Plaintiff essentially complains of (in his amended complaints (Docs. #5 & 11) and his objection) is his disappointment in being returned to prison on what he deems a mere technicality unworthy of re-incarceration as well as the fact that he cannot administer an inmate-run sex offender self help program with impunity where he fails to follow institutional rules.  Plaintiff regards this conduct as actionable unequal treatment. Nevertheless, Plaintiff does not allege that he has been subjected to any tangible unequal treatment by Defendants' conduct such as their decision to discipline him being based upon a constitutionally protected interest.

Thus, following an independent evaluation and *de novo* review of this case, the court finds the objections to be without merit, and they are hereby OVERRULED.  The court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that Plaintiff's Complaint is DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. §1915(e)(2)(B)(i-ii).

DONE this 8th day of March, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE